Jeffrey Francis Craft (SBN 147186)
jcraft@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1731 Fox Springs Circle,
Newbury Park, CA 91320

Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Leonard Monfredo (*pro hac vice*)
lmonfredo@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs Helios Streaming, LLC,
and Ideahub, Inc.*

MANNY J. CAIXEIRO (Bar No. 320473)
manny.caixeiro@dentons.com
DENTONS US LLP
601 South Figueroa Street Suite 2500
Los Angeles, CA 90017
Telephone: (213) 892-5010
Facsimile: (213) 623-9924

TIMOTHY J. CARROLL (*pro hac vice*
application to be filed)
tim.carroll@dentons.com
DENTONS US LLP
233 South Wacker Drive Suite 5900
Chicago, IL 60606-6361
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

*Attorneys for Defendants
Starz Entertainment, LLC, and Lions Gate
Entertainment Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HELIOS STREAMING, LLC, and IDEAHUB, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> STARZ ENTERTAINMENT, LLC, and LIONS GATE ENTERTAINMENT CORP. <br><br> Defendants. | Case No. 8:19-cv-02140-JVS-ADS <br><br> **JOINT RULE 26(f) REPORT** <br><br> Scheduling Conference: <br><br> Date:   March 2, 2020 <br> Time:   10:30 a.m. <br> Judge:   Hon. James V. Selna |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiffs Helios Streaming, LLC ("Helios") and Ideahub, Inc. ("Ideahub") (collectively "Plaintiffs"), and Defendants Starz Entertainment, LLC ("Starz Entertainment") and Lions Gate Entertainment Corp. ("Lions Gate") (collectively "Starz" or "Defendants") submit this Joint Rule 26(f) Report and case management and discovery schedule. Counsel have conferred pursuant to Fed. R. Civ. P. 26(f)(1).

**a.  Synopsis**

**Plaintiffs' Statement**

Plaintiff Helios is a limited liability company organized under the laws of the State of Delaware, with its address at 9880 Irvine Center Drive, Suite 200, Irvine, CA 92618. Plaintiff Ideahub is a corporation organized under the laws of the Republic of Korea with a place of business at 7 Heolleungro, Seocho-gu, Seoul 06792, Republic of Korea.

On November 6, 2019, Plaintiffs filed this lawsuit accusing Starz of directly and indirectly infringing U.S. Patent Nos. 10,270,830 (the "'830 patent"), 10,277,660 (the "'660 patent"), 10,313,414 (the "'414 patent"), 10,356,145 (the "'145 patent"), 10,362,130 (the "'130 patent"), 10,375,373 (the "'373 patent"), 8,645,562 (the "'562 patent"), 8,909,805 (the "'805 patent"), 9,325,558 (the "'558 patent"), and 9,467,493 (the "'493 patent") (collectively, the "Asserted Patents").

The Asserted Patents claim technologies for providing adaptive HTTP streaming services using metadata for media content. The Asserted Patents also claim technologies fundamental to Dynamic Adaptive Streaming over HTTP ("DASH"), which is a media-streaming model for delivering media content. The claimed inventions of the Asserted Patents have been incorporated into the standard for dynamic adaptive streaming delivery of MPEG media over HTTP, ISO/IEC 23009-1:201, and the subsequent versions of this standard (collectively, the "MPEG-DASH" standards).

MPEG-DASH technologies, including those claimed in the Asserted Patents, facilitate high-quality streaming of media content by breaking media content (i.e. a

movie) into smaller parts, each of which are made available by a variety of bitrates. The user or customer plays back downloaded parts of the media content. The user's device employs an algorithm to select subsequent media parts with the highest possible bitrate, which can be downloaded in time for playback without causing delays in the user's viewing and listening experience. As such, the MPEG-DASH standard, including the claimed inventions of the Asserted Patents, enable high-quality streaming of media content over the internet delivered from conventional HTTP web servers. This high-quality streaming was not previously possible on a large scale with prior art techniques and/or devices.

Plaintiffs accuse Starz of direct infringement of the Asserted Patents by Starz's selling, offering to sell, making, using, and/or providing and causing to be used media content streamed in accordance with the MPEG-DASH standard, including videos on demand and live streaming. Plaintiffs accuse Starz of indirect infringement by inducing and continuing to induce others to infringe the Asserted Patents (with specific intent or willful blindness), and by actively aiding and abetting others to infringe, including but not limited to Starz's partners and customers. Starz induces its partners and customers to infringe by, for example, providing materials and services whose use constitutes direct infringement (e.g. Starz's streaming service, Starz streaming app, and videos on demand).

Starz filed an Answer on January 3, 2020 and an Amended Answer with Counterclaims on January 24, 2020. The deadline for Plaintiffs' answer to Starz' Counterclaims is February 14, 2020. *See* Fed. R. Civ. P. 12(a)(1)(B).

### Defendants' Statement

As set forth in greater detail in Defendants' Amended Answer and Counterclaims, Defendants deny that they are infringing--directly, indirectly or otherwise--the Asserted Patents. Defendants further assert that the Asserted Patents are invalid and unenforceable. Moreover, to the extent the Asserted Patents are necessary to the MPEG-DASH standard, Plaintiffs are obligated to, but have not,

offered fair, reasonable and non-discriminatory license terms.

    **b.**    **Legal Issues**

The principal legal issues in this case include at least the following:

- The proper construction of the claims of the patents-in-suit.
- Whether the accused products infringe the patents- in-suit.
- Whether the patents-in-suit are valid and/or unenforceable.
- Whether Starz is liable for willful infringement.
- The amount of a reasonable royalty.
- Whether Plaintiffs have complied with obligations to offer Defendants a license on fair, reasonable and non-discriminatory terms.

    **c.**    **Damages**

### Plaintiffs' Statement

Discovery in this matter has just begun. No documents have yet been exchanged and no depositions of any of Starz's witnesses have occurred. Accordingly, Plaintiffs do not yet have the information necessary to provide a complete calculation of damages.

Plaintiffs state that, pursuant to relevant ISO and IEC guidelines, bylaws, and policies, many of the claims of the Asserted Patents are subject to Fair, Reasonable, and Non-Discriminatory ("FRAND") licensing obligations to willing licensees. To the extent Starz refuses to willingly take a license under such claims of the Asserted Patents under FRAND terms, however, Plaintiffs reserve the right to treat Starz as an unwilling licensee, such that Plaintiffs would not be bound by any FRAND licensing obligation for purposes of this action or any license to Starz. Accordingly, Plaintiffs seek the maximum available reasonable royalty damages to compensate for Starz's infringing activities.

Subject to the paragraph above, Plaintiffs will seek damages based upon a reasonable royalty for Starz's infringement pursuant to 35 U.S.C. § 284. *See*, *e.g.*, *Bard Periph. Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 670 F.3d 1171 (Fed. Cir. 2012); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2012); *Funai Elec. Co. Ltd.*

*v. Daewoo Elecs. Corp.*, 616 F.3d 1357 (Fed. Cir. 2012). Courts have recognized a number of factors to be considered in determining a reasonable royalty, including the factors enumerated in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Plaintiffs anticipate calculating a reasonable royalty rate based upon the factors set forth in *Georgia Pacific* and its progeny, or potentially a subset of those factors applicable to FRAND license rates. Without the benefit of discovery, Plaintiffs cannot currently conduct a reasonable royalty analysis. Plaintiffs will also request Starz be ordered to pay interest on any damages awarded. *See, e.g.*, 35 U.S.C. § 284; 28 U.S.C. § 1961; *Gen. Motors Corp. v. Devex*, 461 U.S. 648 (1983); *Fractus, S.A. v. Samsung Elecs. Co. Ltd.*, 2012 WL 2505741, at **46- 47 (E.D. Tex. Jun. 28, 2012).

Plaintiffs may further seek enhanced damages up to treble damages pursuant to 35 U.S.C. § 284 for Starz' willful infringement of the Asserted Patents. Plaintiffs may also request that this case be deemed exceptional and that this Court order Starz to pay Plaintiffs' attorney's fees, costs, and expenses, as provided by 35 U.S.C. § 285 and 28 U.S.C. § 1920. *See, e.g., ICU Medical, Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368 (Fed. Cir. 2009).

### Defendants' Statement

Discovery in this matter has just begun. No documents (including any prior licenses involving the Asserted Patents) have yet been exchanged and no depositions have occurred. Nor have Plaintiffs set forth a damages calculation for Defendants to evaluate. Accordingly, Defendants do not yet have the information necessary to assess damages. However, to the extent the Asserted Patents are necessary to the MPEG-DASH standard, Plaintiffs are obligated to, but have not, offered fair, reasonable and non-discriminatory license terms.

Defendants specifically deny that any alleged infringement has been willful or that Plaintiffs are entitled to any damages enhancements or an award of attorneys' fees, costs and expenses.

**d.     Insurance**

### Plaintiffs' Statement

Plaintiffs do not currently have in effect any indemnity or insurance agreements relevant to this lawsuit.

### Defendants' Statement

Defendants presently are unaware of any indemnity or insurance agreements relevant to this lawsuit. To the extent they subsequently identify any such agreements they will update this disclosure.

**e.     Motions**

### Plaintiffs' Statement

Plaintiffs do not currently anticipate filing a motion to add any additional parties or claims, to amend pleadings, or to transfer venue.

### Defendants' Statement

Defendants have not filed a motion to dismiss. As discovery progresses, they may have grounds to file a motion for summary judgment. In addition, Defendants request the opportunity for briefing on claim construction issues.

**f.     Discovery and Experts**

On February 19, 2020, the parties met and conferred and discussed a discovery and case management plan. The parties are working together to coordinate discovery.

### Plaintiffs' Statement

Plaintiffs anticipate taking depositions of Starz's employees and 30(b)(6) witnesses in this matter. Plaintiffs do not anticipate more than 10 party depositions, exclusive of expert depositions and third-party depositions. Plaintiffs have received no discovery from Starz since the filing of the present Complaint. Plaintiffs believe there is substantial discovery to be completed in this case and for Starz to provide to Plaintiffs.

### Defendants' Statement

Defendants anticipate taking depositions of Plaintiffs' employees/representatives

and 30(b)(6) witnesses in this matter, as well as the inventors of the Asserted Patents. Defendants have received no discovery from Plaintiffs since the filing of the present Complaint. Defendants believe there is substantial discovery to be completed in this case. Moreover, given that there are ten patents in issue--and at least nine named inventors--in addition to third-party witnesses on matters such as prior art, Defendants anticipate the need to take more than 10 depositions, although Defendants will be in a better position to assess this number after the exchange of initial disclosures and documents.

### The Parties' Joint Statement regarding Discovery

Unless otherwise specified in this Joint Rule 26(f) report, including Exhibit A submitted herewith, the parties agree to abide by the Court's Jury Trial Order in civil cases.

No discovery has been taken yet. The scope of anticipated discovery may include documents, interrogatory responses, requests for admissions, and depositions relating to the legal and factual issues identified in the parties Joint Rule 26(f) Report.

The parties agree concerning certain discovery limitations as outlined below. Unless as otherwise agreed, the parties agree that the Federal Rules of Civil Procedure, as modified by any applicable Local Rules or standing orders of the Court, govern.

**Interrogatories:** Each side may serve up to twenty-five (25) interrogatories to the other side.

**Requests for Admissions:** Each side may serve up to twenty-five (25) requests for admissions to the other side. This does not include Requests for Admission regarding the authentication of business records.

**Fact Witness Depositions:**

    **Plaintiff's position:** Each side shall be limited to no more than thirty-five (35) hours of deposition time for party depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or 30(a)(1), but no more than seven (7) hours per person. Depositions of third parties shall be limited to seven (7) hours of deposition time, unless otherwise agreed.

**Defendants' Position:** Given that there are two parties, ten patents in issue, at least nine named inventors, and potentially dozens of relevant prior art references, it is likely that Defendants will need to take more than 10 depositions. Defendants agree to no more than thirty-five (35) hours of party depositions per side, with no deposition lasting more than seven (7) hours on the record per person. Depositions of third parties (including, without limitation, the inventors of the patents) shall be limited to seven (7) hours of deposition time on the record, unless otherwise agreed.

**Expert Depositions:** Each side may depose each opposing testifying expert witness for up to seven (7) hours per report served by a particular expert witness. For the avoidance of doubt, an expert's opinions on infringement, validity, and damages shall be considered separate reports, regardless of whether they are included in a single document.

**Other:** Pursuant to Fed. R. (b)(2)(E), the parties consent to service by email, and agree that the parties will treat service by email as being the same as service by hand under Fed. R. Civ. P. 5(b)(2)(A). The addition of three days under Rule 6(d), FRCP shall apply to any documents served "by other electronic means. . . consented to in writing" under Rule (5)(b)(2)(E) if the document is served on any weekend day (starting any time after 5:00 PM PT on a Friday), on a federal holiday, or any day on which the court is closed.

The parties anticipate the need for a protective/confidentiality order with at least two levels of confidentiality, including Attorneys' Eyes Only designations. The protective/confidentiality order will also address the claw-back of inadvertently-produced privileged documents. To the extent Plaintiffs seek the review of source code, the parties will need to establish protocols for such review.

Moreover, to the extent third-parties, such as inventors, are abroad, the schedule

will need to accommodate procedures for taking international depositions and obtaining international documents.

### g. Dispositive Motions

The parties anticipate that there may be dispositive motions filed as to at least issues of infringement/non-infringement and validity/invalidity of the Asserted Patents. The parties also anticipate the need for motions *in limine* in advance of trial.

### h. Settlement and Settlement Mechanism

The parties will continue to explore settlement as appropriate and, pursuant to Local Rule 16-15.4, they will participate in alternative dispute resolution proceeding, if necessary. The parties believe that ADR would be most effective after at least some discovery into the technical issues presented in the case and potentially claim construction, and quantification of relevant financial information. The parties tentatively agree to mediation with a private mediator, but will revisit this choice after the parties have engaged in meaningful discovery.

**Trial Estimate:**

Both Plaintiffs and Starz have requested a trial by jury.

Plaintiffs estimate 7 court days for the trial of the claims raised in Plaintiffs' Complaint, and anticipates calling approximately 4-6 witnesses, including party witnesses, experts, and third-party witnesses (as needed). In this case, there are ten related patents-in-suit. Almost all of the Asserted Patents share the same inventors. There may be more than one technical expert as to each of these patented technologies. There will be a damages expert, and there may be technical experts addressing issues of patent invalidity if such issues will be raised by Defendants at trial.

Given that there are presently 10 patents in issue, it is Defendants' position that more than 7 court days of trial may be required if Plaintiffs do not substantially limit the number of patents and claims to be tried. Defendants have not received pretrial disclosures from Plaintiffs, so they cannot be sure how many witnesses have relevant

and nonduplicative information, but at this time Defendants predict that they will call between 5 and 10 fact witnesses, in addition to several expert witnesses on issues of non-infringement, invalidity and damages.

### i. Timetable

The completed "Presumptive Schedule of Pretrial Dates" is attached hereto as Exhibit A and is consistent with the Court's Scheduling Order.

### j. Other Issues

The parties are not at this time aware of any other issues requiring judicial management.

### k. Conflicts

**1.** For conflucts purposes only, Plaintiffs identify the following entities as parents, subsidiaries, and/or affiliates of one or both of the Plaintiffs: IdeaHub, Inc., Helios Streaming LLC, ImberaTek, LLC, General Video, LLC, and Glocom, Inc.

**2.** Defendants identify the following entities as parents, subsidiaries and/or affiliates of one or both of the Defendants: Artisan Entertainment Inc.; Artisan Home Entertainment Inc., Debmar Sudios, Inc.; Debmar Studios, Inc.; Debmar/Mercury, LLC; Debmar/Mercury International Limited; Entertainment Capital Holdings International S.a.r.l.; Entertainment Capital Holdings Lux S.a.r.l.; Entertainment Capital Lux S.a.r.l.; Film Holdings Co.; For Our Kids Entertainment, LLC; Good Universe Media, LLC; LG Capital Holdings Inc.; LGAC 1, LLC; LGAC 3, LLC; LGAC International LLC; LGTV Development (UK) Limited; Lions Gate Capital Holdings, LLC; Lions Gate China UK Limited; Lions Gate Entertainment (Hong Kong) Limited; Lions Gate Entertainment Canada Corp.; Lions Gate Entertainment Inc.; Lions Gate Films Inc.; Lions Gate Home Entertainment UK Limited; Lions Gate India S.a.r.l.; Lions Gate International (UK)

Limited; Lions Gate International (UK) Film Development Limited; Lions Gate International (UK) TV Development Limited; Lions Gate International Holdings S.a.r.l.; Lions Gate International Media Limited; Lions Gate International Motion Pictures S.a.r.l.; Lions Gate International Slate Investment S.A.; Lions Gate Media Canada GP Inc.; Lions Gate Media Canada Limited Partnership; Lions Gate Media Ltd.; Lions Gate Pictures UK Limited; Lions Gate Television Inc.; Lions Gate True North Corp.; Lions Gate True North Media, LLC; Lions Gate UK Limited; Lions Gate X Productions Corp.; Lions Gate X Productions, LLC; Lions Gate X-US Productions, LLC; Mandate Films, LLC; Mandate Pictures, LLC; PantaYA, LLC; Pantelion, LLC; Pilgrim Media Group, LLC; Starz Independent, LLC; Starz Entity Holding Company, LLC; Starz Entertainment, LLC; Starz Investments, LLC; Starz Media Group, LLC; Starz Media, LLC; Starz LLC; Summit Distribution, LLC; Summit Entertainment, LLC; and True North Media, LLC.

**l.  Patent Cases**

The parties agree that the Court should perform claim construction in this matter, permit the parties to submit claim construction briefs, hold a *Markman* claim construction hearing, and construe the asserted patent claims prior to expert discovery and summary judgment briefing and motions practice, as is common in patent cases.  The parties do not intend to adopt the processes outlined in the Northern District of California's Local Patent Rules 3-1 through 3-9 and 4.1.

**m.  Magistrate**

The parties do not consent to have a magistrate judge preside.

| | |
|---|---|
| Dated: February 24, 2020 | By: */s/ Jeffrey Francis Craft*<br>Jeffrey Francis Craft (SBN 147186)<br>jcraft@devlinlawfirm.com<br>DEVLIN LAW FIRM LLC<br>1731 Fox Springs Circle,<br>Newbury Park, CA 91320<br><br>*Attorneys for Plaintiffs Helios Streaming LLC and Ideahub, Inc.* |
| Dated: February 24, 2020 | By: */s/ Manny J. Caixeiro*<br>MANNY J. CAIXEIRO (Bar No. 320473)<br>manny.caixeiro@dentons.com<br>DENTONS US LLP<br>601 South Figueroa Street Suite 2500<br>Los Angeles, CA 90017<br>Telephone: (213) 892-5010<br>Facsimile: (213) 623-9924<br><br>*Attorneys for Defendants Starz Entertainment, LLC, and Lions Gate Entertainment Corp.* |

Pursuant to Local Rule 5-4.3.4, I, Jeffrey F. Craft, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jeffrey F. Craft*
Jeffrey F. Craft

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on February 24, 2020

*/s/ Jeffrey Francis Craft*
Jeffrey Francis Craft

*Attorneys for Plaintiffs Helios Streaming, LLC and Ideahub, Inc.*
